UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN ORDONES SOMODEVILLA

       Petitioner,

v.                               Case No. 2:26-cv-1372-JES-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION FACILITY, et
al.,

       Respondents.

_____/

**<u>OPINION AND ORDER</u>**

Petitioner Juan Ordones Somodevilla is a native and citizen of Cuba who is currently being held in immigration detention. (Doc. 1). Respondents have filed a "Motion to Dismiss or to Transfer Venue" because Somodevilla was moved from Florida Soft Side South Detention Facility in Ochopee, Florida (Alligator Alcatraz) to a facility in New Mexico before the petition was docketed in this Court. (Doc. 10). For the following reasons, Respondents' motion is denied.

Respondents seek dismissal or transfer of this petition because of the following:

> Although the Petition is dated April 23, 2026, this action was filed on April 27, 2026. Petitioner was booked out of the Florida Soft Side South Facility on April 26, 2026, and was booked into Cibola County Correctional Center on April 27, 2027 . . . Petitioner is currently detained in the Cibola County Correctional Center in New Mexico. Petitioner's case and A-file were transferred to ICE's El Paso Field Office (located

in Albuquerque) when Petitioner was transferred to New Mexico. Cibola County Correctional Center is located in Milan, New Mexico, which is Cibola County, and falls within the jurisdiction of the Northern Division of the United States District court for the District of New Mexico.

(Doc. 10 at 1-2).

Respondents are correct that Somodevilla's petition was received by this Court on April 27, 2026. They are also correct that Somodevilla was transferred from Alligator Alcatraz on April 26, 2026. (Doc. 10-1 at 2). And "[t]he Supreme Court has made clear 'the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.'" Ozturk v. Hyde, 136 F.4th 382, 391 (2d Cir. 2025) (quoting Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)).

However, in filing this motion, Respondents have overlooked the fact that Somodevilla proceeds pro se. "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).[1]

---

[1] Although the Eleventh Circuit has not specifically held that the prison mailbox rule applies to immigration detainees, it has explained that the rule "is best read to apply to anyone confined in an institution, whether civilly or criminally." Boatman v. Berreto, 938 F.3d 1275, 1277 (11th Cir. 2019) (cleaned up); see also Fosu v. Garland, 36 F.4th 634, 637 (5th Cir. 2022) ("[T]he prison mailbox rule applies to pro se detainees in immigration proceedings.").

2

And "[a]bsent evidence to the contrary in the form of prison logs or other records," the court assumes the detainee delivered his pleading to authorities the day he signed it.  Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).  Somodevilla signed his petition on April 23, 2026, while detained at Alligator Alcatraz.  (Doc. 1 at 8).  And "'when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.' " Ozturk, 136 F.4th at 392 (quoting Padilla, 542 U.S. at 443 and explaining that Ex parte Endo, 323 U.S. 283 (1944) stands for this limited proposition).  Thus, this Court had jurisdiction to consider the petition when it was deemed filed, and it retained jurisdiction after Somodevilla was transferred to New Mexico.

Somodevilla may, of course, find it more convenient to litigate his habeas claims in the district where he is currently held.  Thus, he may wish to consider refiling his petition in New Mexico or agreeing to Respondents' request to transfer the case. In such case the Court would, upon notice, dismiss this petition without prejudice or transfer the petition.

Accordingly, it is **ORDERED**:

1.  Respondents' motion to dismiss or to transfer venue (Doc. 10) is **DENIED**.   The denial  is  without  prejudice  to

3

Somodevilla refiling his petition in New Mexico if he elects to do so.

2.   Respondents must respond to the petition within **FOURTEEN (14) DAYS** of this Order.

**DONE AND ORDERED** in Fort Myers, Florida on May 18, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4